UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAMILA HEREDIA,<br><br>    Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC., et al.,<br><br>    Defendants. | Case No.: 23-cv-00953-JO-JLB<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO SHOW CAUSE** |

To this day, Plaintiff, who is now represented, has still not opposed Defendant's motion for summary judgment. On June 24, 2024, Defendant filed a motion for summary judgment and on July 24, 2024, Defendant filed a response in support of its motion. Dkts. 30, 34. In light of Plaintiff's former *pro se* status, the Court on October 3, 2024, extended Plaintiff's date to file opposition briefing to December 5, 2024. Dkt. 41. On November 29, 2024, Hugo Ivan Salazar, filed a notice of appearance and designation of counsel. Dkt. 43. However, despite having counsel, Plaintiff still failed to meet the December 5, 2024 filing deadline. On December 12, 2024, the Court issued an Order to Show Cause in light of Plaintiff's failure to oppose Defendant's motion. Dkt. 44. The Court ordered Plaintiff to respond to the Order to Show Cause by December 19, 2024 and this matter went under submission on December 20, 2024 at 9:00 a.m. *Id.* In addition, the Court instructed

Plaintiff that she had until December 27, 2024 to file opposition briefing. *Id.* Yet, Plaintiff neither responded to the Court's Order to Show Cause nor filed opposition briefing.

Federal Rule of Civil Procedure 41(b) governs involuntary dismissal. Fed. R. Civ. P. 41(b). Before dismissing under Rule 41(b), a district court must weigh five "essential factors": "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423–24 (9th Cir. 1986). "A dismissal for lack of prosecution must be supported by a showing of unreasonable delay," which "creates a presumption of injury to the defense." *Id.* at 1423 (citations omitted).

The Court examines the five "essential factors" set forth in *Henderson* and finds that they weigh in favor of dismissing the case. Plaintiff has unreasonably and repeatedly failed to meet the Court's deadlines and respond to its Order to Show Cause. Based on these facts, the Court find that the public's interest in speedy litigation and the Court's need to manage its docket weigh in favor of dismissal. The Court also finds Defendant has been prejudiced by Plaintiff's inaction given that Plaintiff has not provided an excuse, let alone a meritorious one. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987) ("Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default."). Moreover, by failing to engage with the Court, Plaintiff has requested no alternative sanction nor demonstrated a desire to prosecute this case. The Court, therefore, finds that dismissal is the appropriate sanction in this case.

/ / /

/ / /

Accordingly, the Court DISMISSES this case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. The Clerk is directed to CLOSE the case.

**IT IS SO ORDERED.**

Dated: January 16, 2025

_____

Hon. Jinsook Ohta

United States District Court